IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JUSTIN WHITE                                                                                                PLAINTIFF

V.                                          NO. 10-3078

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Justin White, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on August 31, 2006, alleging an inability to work since February 1, 2001, due to "Bipolar, ptsd."[1] (Tr. 130-135, 163). An administrative hearing was held on February 20, 2009, at which Plaintiff appeared with counsel, and Plaintiff and his mother testified. (Tr. 17-62).

By written decision dated August 17, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - mood disorder (bipolar disorder). (Tr. 72). However, after reviewing all of the evidence presented, he

---

[1]The Court will construe this as posttraumatic stress disorder, as it is consistent with the facts in this case.

-1-

determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 73). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations: Plaintiff can perform unskilled work where interpersonal contact is incidental to the work performed, but there is no contact with the general public. (Tr. 74). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was unable to perform his past relevant work, but could perform other work as a hand packager, poultry deboner, and laundry worker. (Tr. 77-78),

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 23, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion**:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams, 393 F.3d at 801; Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ relied a great deal on Dr. Robert L. Hudson's Mental Diagnostic Evaluation dated May 1, 2009. A careful reading of Dr. Hudson's conclusions regarding the effects of Plaintiff's mental impairments on adaptive functioning reveals the following:

> A. <u>CL is limited adaptively in mental/cognitive impairments in the follow [sic] ways:</u> CL has had a DL for only a year or so but drives w/o restriction. He did have an infraction of lack of proof of insurance. He has had a MVA already. CL lived alone for a year and gave up on it as a failure about 3 months ago. He needs someone to see that he gets up for work, keeps appointments, etc. He basically takes responsibility for none of these things. At home he does some chores but cannot be counted on. CL does mention that he would work 2-3 hours at a time after the recent ice storm running a chain saw and taking care of the downed timber. He manages his money on a cash basis. He messed up when he had a checking account, being overdrawn, etc. CL says he has to be

reminded to change clothes, take showers, etc.

B. <u>CL is limited in social interaction in the following ways:</u> CL has a girlfriend of approximately one year. She is a senior in high school. CL says he would never go out if it were left up to him but she wants to eat out and he sometimes does so. He has been to church with her a time or two over the one year of their relationship. He also went to prom with her this spring. CL says outside of her he really has no friends.

C. CL is not limited in ability to communicate in an intelligible and effective manner. CL says he reads and writes without limit. He enjoys CSI type shows on TV.

D. CL is not limited in mental/cognitive abilities on basic work-like tasks.

E. CL exhibits no significant limit on ability to attend and sustain concentration on basic tasks.

F. <u>CL exhibits significant limits on persistence in completing tasks.</u> Economy of effort and having to have someone else keep him on task and engaged in a task is a hallmark of CL.

G. <u>CL exhibits limitations on ability to complete tasks in a timely fashion as follows:</u> See above comment on G. Given that CL will work on a task, he can and does complete in a timely manner. For example, CL completed most of the cognitive tasks quickly, right or wrong.

(Tr. 441-442)
.

In concluding that Plaintiff had the RFC to perform unskilled work where interpersonal contact was incidental to the work performed and where there was no contact with the general public, the ALJ found that Plaintiff had moderate restrictions in activities of daily living and social functioning and only mild difficulties in concentration, persistence and pace. With regard to Plaintiff's concentration, persistence, and pace, the ALJ observed that Dr. Hudson "found the claimant to have **no significant limit** on the ability to attend and sustain concentration on basic tasks, **or to maintain persistence on completing tasks.**" (Tr. 73). The ALJ misstated Dr. Hudson's findings in this regard. As pointed out above, Dr. Hudson found that Plaintiff **did**, in

-5-

fact, have significant limits on his persistence in completing tasks. The Court believes this error warrants remand to allow the ALJ to re-evaluate Plaintiff's RFC.

In addition, as Dr. Hudson did not complete a mental RFC assessment, but simply characterized Plaintiff's level of functioning in various areas as "limited," without a rating of severity, the Court questions how the ALJ arrived at his ratings of Plaintiff's limitations as only "mild" and "moderate." As Plaintiff has a history of low global assessment of functioning scores, the Court believes the ALJ should have further developed the record by having Dr. Hudson complete a mental RFC assessment. See Conklin v. Astrue, No. 08-3113, 2010 WL 114551, at *2 (8th Cir. Jan. 14, 2010).

Accordingly, the Court believes it is necessary for this matter to be remanded in order for the ALJ to obtain a mental RFC assessment from Dr. Hudson. If this cannot be accomplished, the ALJ should have Plaintiff undergo another consultative examination and obtain a mental RFC assessment from this examiner.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of February, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE