IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JUSTIN WHITE                                          PLAINTIFF

V.                              NO. 10-3078

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration         DEFENDANT

## O R D E R

Plaintiff, Justin White, appealed the Commissioner's denial of benefits to this Court.  On February 2, 2012, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 15).  Plaintiff now moves for an award of $1,826.20 in attorney's fees, paralegal's fees, and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter ("EAJA"), requesting compensation for 7.00 hours of attorney work performed before the Court in 2010, 2011, and 2012, and 9.30 hours of paralegal work performed before the Court in 2010, 2011, and 2012, at an hourly rate of $155.00 for the attorney, and $75.00 for the paralegal.  (Doc. 17).

Defendant has filed a response, stating that he does not oppose the requested hourly rate, but opposes some of the hours as excessive.  (Doc. 18).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

-1-

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award

-2-

accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $155.00 for work performed in 2010, 2011, and 2012, for the 7.00 attorney hours which he asserts were devoted to the representation of Plaintiff in this Court.  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI-Urban in support of his requested hourly rate.  Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases.  The CPI-South index supports counsel's requested hourly rate.  Accordingly, the Court finds that an award based upon an hourly rate of $155.00, reflecting an increase in the cost of living, is appropriate in this instance.  See Johnson, 919 F.2d at 505.

The Court next addresses the number of hours Plaintiff's counsel claims he spent working on this case.

Plaintiff's counsel seeks .25 paralegal hours for "Receipt and review of Order granting the IFP.  Review of file;" and .25 paralegal hours for "Receipt and review of file-marked copy of the complaint and summons. Review of file."  This time is clerical in nature and cannot be

-3-

compensated under the EAJA.  <u>Granville House, Inc. v. Department of HEW</u>, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA).   Accordingly, .50 paralegal hours will be deducted.

Plaintiff's counsel seeks .50 attorney hours for "Preparation of the Affidavit of Service. Review of file."   The Court finds this time to be excessive, since a good portion of the time is clerical in nature and cannot be compensated under the EAJA.   The Court will deduct .40 attorney hours.

Plaintiff's counsel seeks .50 attorney hours for "Preparation of EAJA motions and filed in US District Court. Review of file," and 4.50 paralegal hours for "Began preparation of exhibit time for preparation of EAJA motions. Review of file," and "Preparation of EAJA motions and filed in US District Court. Review of file."  The preparation of a routine EAJA motion should not have taken more than 2 hours total, and the Court will therefore deduct 2.50 paralegal hours.

Additionally, the court notes Plaintiff's counsel claimed time for "Review of file"with each of the sixteen entries on his itemized statement.  The Court finds the time Plaintiff's counsel claimed for review of file is excessive and hereby deducts 1 hour for unnecessary file review.

Plaintiff's counsel seeks $21.85 in postage.  This amount shall be characterized as an expense per 28 U.S.C. § 2412(b),(d).

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel.  Based upon the holding in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 5.6 attorney hours (7 hours less 1.4) at an hourly rate of

AO72A
(Rev. 8/82)

$155.00 for work performed in 2010, 2011, and 2012; 6.30 paralegal hours (9.3 hours less 3 hours) at an hourly rate of $75.00 for work performed in 2010, 2011, and 2012; for a total attorney's fee award of $1,340.50, plus postage expenses of $21.85.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 17th day of August, 2012.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)